IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAPHAEL ROCHA, DANIEL JOSE QUINTANILHA, JOAO BATISTA CLAUDIO and other similarly situated individuals,<br><br>   Plaintiffs,<br><br>vs.<br><br>EMPIRE TODAY, LLC,<br><br>   Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and Local Rule 81.1, Defendant, Empire Today, LLC ("Defendant" or "Empire Today"), hereby removes the above-captioned civil action from the Commonwealth of Massachusetts Superior Court, Middlesex County, to the United States District Court for the District of Massachusetts. Empire Today respectfully asserts the following facts in support of removal.

## BACKGROUND

1. On November 15, 2011, Plaintiffs Raphael Rocha, Daniel Jose Quintanilha, and Joao Batista Claudio ("Plaintiffs") filed a civil action against Defendant, styled *Raphael Rocha, Daniel Jose Quintanilha, Joao Batista Claudio and other similarly situated individuals v. Empire Today, LLC*, Middlesex Superior Court, Civil Action No. 11-4078 ("State Court Action").

2. Plaintiffs have asserted that they, and similarly situated individuals, were misclassified as independent contractors in violation of Massachusetts G.L. c. 149, § 148B. Complaint, ¶ 1. Plaintiffs purport to bring their action as a class action "on behalf of a group of

employees similarly situated [who] have had unlawful deductions taken from their pay, not been paid for all hours worked, have earned in some instances, less than the statutory minimum wage, have worked far in excess of 40 hours per week without receiving overtime as required by law …. did not receive the benefits of employees employed by the defendant and incurred significant expenses … for the benefit of the defendant's business."   Complaint, ¶ 1.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

3. This Notice is timely filed within thirty (30) days of service of the summons and Complaint on November 21, 2011. 28 U.S.C. § 1446(b).

4. This Notice of Removal is properly filed in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1446(a), because the Middlesex Superior Court is located in this federal judicial district and division.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of removal of the State Court Action to Plaintiffs' counsel and will promptly file a copy of this Notice of Removal with the Clerk of the Middlesex Superior Court.

6. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, attached hereto are an index and copies of all documents filed in this action, including the State Court Action docket sheet and Plaintiffs' Complaint. Certified or attested copies of all docket entries in the State Court Action will be provided to this Court pursuant to Local Rule 81.1.

## GROUNDS FOR REMOVAL

7. This Court possesses original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and thus removal is proper under 28 U.S.C. § 1441. Under Section 1332, courts have original diversity jurisdiction where an action is between "citizens of different states" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. This action satisfies both requirements.

8. Plaintiffs are alleged to be citizens of the Commonwealth of Massachusetts. Complaint, ¶¶ 2-4.

9. Defendant is a Limited Liability Company ("LLC"). Complaint, ¶ 5. In the First Circuit, the citizenship of an LLC is determined by the citizenship of its members. *E.g., PRAMCO, LLC. v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006).

10. Empire Today's principal place of business is in Northlake, Illinois. Empire Today's members are citizens of Illinois and New York. No member of Empire Today is a citizen of the Commonwealth of Massachusetts.

11. Plaintiffs and Defendant are, therefore, citizens of different states and no defendant is a citizen of the state in which the action is pending. 28 U.S.C. § 1441(b). Thus, there is complete diversity between Plaintiffs and Defendant. *See* 28 U.S.C. §§ 1332.

12. Second, Defendant submits that, to a reasonable probability, the amount in controversy in this matter exceeds $75,000. *See, e.g., Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284, 285-86 (D. Mass. 2011); *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp.2d 230, 233 (D. Mass. 2010) (confirming "reasonable probability" standard).

13. Although Plaintiffs' Complaint asserts only that the amount in controversy is greater than $25,000, the Plaintiffs and the putative class seek the following categories of economic damages: (1) restitution of all wages, including unpaid wages for all work that was not compensated at or above minimum wage; (2) overtime payments in the amount of one and one-half times wages for all hours worked in excess of forty in a week; (3) restitution for all employment benefits; (4) reimbursement of work-related costs and expenses; (5) trebling of all damages under Massachusetts General Laws chapter 149, § 150; and (6) attorneys' fees.

BOI-8681v2

Complaint, Prayer for Relief. It is facially apparent from the allegations in the Complaint that the amount in controversy relating to these categories of damages exceeds $75,000.

14. The Plaintiffs assert that they were not compensated for "1 to 2 hours each day" to load product into the vehicles and that they work "on average, six days a week." Complaint, ¶¶ 22, 30. Under Massachusetts law, the relevant statutory period for calculating damages is three years. Moreover, any damages recovered by Plaintiffs would be trebled pursuant to Mass. G.L. c. 149, § 150. *See Toglan v. Marriott Internat'l*, 2011 WL 3625270, *4 (D. Mass. 2011) (when plaintiff seeks relief under a statute including a damage multiplier, court must apply that factor when evaluating amount in controversy).

15. The Plaintiffs also assert that they work "far in excess of 40 hours per week without receiving overtime payments." Complaint, ¶ 1, ¶ 30 ("in most instances [Plaintiffs] work in excess of 40 hours per workweek), ¶ 41 ("Plaintiffs were frequently required to work more than 40 hours in a seven day period," ¶ 42 ("many hours worked in excess of 40"). Under Massachusetts law, the relevant statutory period for calculating damages is two years, and any damages recovered by Plaintiffs would be trebled.

16. The Plaintiffs further assert that "Frequently, after deducting expenses and based on the number of hours worked, the Plaintiffs receive less than the statutory mandated minimum wage." Complaint, ¶ 34. Under Massachusetts law, the relevant statutory period for calculating damages is two years, and any damages recovered by Plaintiffs would be trebled.

17. Each Plaintiff's pro rata share of attorneys' fees is also considered in determining the amount in controversy, bringing the amount in controversy as a result of Plaintiffs' claims well above the jurisdictional amount.

BOI-8681v2

18.     Although Defendant does not concede liability on Plaintiffs' claims, there is a reasonable probability based on the allegations stated in the Complaint that the amount in controversy exceeds $75,000.   Because there is complete diversity between Plaintiffs and Defendant and the amount in controversy reasonably exceeds $75,000, this action is properly removed under 28 U.S.C. §§ 1332 and 1441.

19.     To the extent any question arises as to the propriety of the removal of this action, Defendant requests an evidentiary hearing pursuant to 28 U.S.C. § 1446(c)(5).

## CONCLUSION

Defendant respectfully requests that this Court exercise jurisdiction over this action and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the Massachusetts Superior Court, Middlesex County.  Defendant further seeks all other relief to which it is justly entitled.

Respectfully submitted,

EMPIRE TODAY, LLC

By its attorneys,

/s/ Karen A. Whitley
Karen A. Whitley (BBO# 564742)
Anna Hartog (BBO #680699)
JONES DAY
100 High Street
Boston, MA  02110-1781
Telephone:  (617) 960-3939
Facsimile:  (617) 449-6999
kwhitley@jonesday.com
ahartog@jonesday.com

Date: December 20, 2011

BOI-8681v2

## CERTIFICATE OF SERVICE

The undersigned certifies that, on this 20th day of December, 2011, a true and correct copy of the foregoing Notice of Removal was served by first-class mail upon the following counsel of record:

James W. Simpson, Jr.  
100 Concord Street, Suite 3B  
Framingham, MA 01702

Harold L. Lichten  
Lichten & Liss-Riordan, P.C.  
100 Cambridge Street  
20th Floor  
Boston, MA 02114

/s/ Karen A. Whitley  
Karen A. Whitley

BOI-8681v2